UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| V. | * |
| | *  CRIM. NO. 19-0410-ELH |
| MATTHEW E. BLAIR, | * |
| | * |
| DEFENDANT | * |
| | * |
| | * |

* * * * * * * * * * * * * * * * * * *

**DEFENDANT'S MOTION TO DISMISS COUNT 29
OF SUPERSEDING INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

Matthew E. Blair ("Mr. Blair"), by and through undersigned counsel, and in accordance with Rule 12(b)(3)(B)(v) of the Federal Rules of Criminal Procedure, files this Motion to Dismiss Count 29 of the Superseding Indictment (ECF No. 20) (the "Indictment") for failure to state an offense. As discussed below, the Indictment omits essential elements – and fails to plead the correct elements – of a violation of the Anti-Kickback Statute, and therefore, fails to state a claim against Mr. Blair. Accordingly, pursuant to Fed. R. Crim. Proc. 12(b)(3)(b)(v), Count 29 of the Indictment should be dismissed.

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT**

Count 29 of the Indictment alleges that Mr. Blair "failed to bill for and collect copayment and coinsurance monies from TRICARE beneficiaries," which the Government asserts constituted an "induce[ment]" to these beneficiaries to have their prescriptions filled at the Pharmacy, all purportedly in violation of the Anti-Kickback Statute ("AKS"). Indictment at 17. However, as discussed below, the statutory language itself, as well as precedent and regulatory guidance interpreting and expanding on the statutory language, requires *more* than simply an allegation of failing to bill for and/or collect coinsurance or copayments. In fact, the regulatory

agency that promulgated the guidance of the AKS, the Department of Health and Human Services ("HHS"), has expressly said that simply failing to bill or and/or collect these monies is *not* a criminal violation. Instead, this allegation, according to HHS, must include something more, such as, for instance, the assertion that the waiver of copayments and/or coinsurance was "routine," or that the failure to collect these monies was part of an "advertisement" by the health care provider. In the absence of these additional allegations (required by the statutory, judicial precedent, and regulatory guidance), Count 29 does not state an AKS violation and, accordingly, should be dismissed.

## II. COUNT 29 ALLEGATIONS

Count 29 attempts – but fails – to state a violation of the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)). In particular, Count 29 alleges, in pertinent part, that, on or about March 6 – August 1, 2015,[1] Mr. Blair "did knowingly and willfully offer to pay and did pay, remuneration directly and indirectly… to [] others, to induce them to refer individuals and prescriptions to Blair Pharmacy for the furnishing, and arranging for the furnishing of prescription compound drugs, payment for which was made… under a federal health care benefit program, namely TRICARE" by "fail[ing] to bill for and collect copayments and coinsurance from TRICARE beneficiaries related to reimbursements TRICARE paid to his pharmacy." Indictment at 17 (Count 29).

---

[1] Given the unspecified nature of Count 29 – including the nearly *five-month* time period encompassed by this single count – Mr. Blair has filed an accompanying Motion for Bill of Particulars. While Mr. Blair submits Count 29 should be dismissed for failure to plead essential elements, at the barest minimum, the Government should be required to produce more details concerning this count. *See* Defendant's Motion for Bill of Particulars (filed concurrently herewith).

## III. COUNT 29 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

### A. Governing Law

Fed. R. Crim. Proc. 12(b)(3)(A) provides that a defendant may move to dismiss an indictment or allegations in an indictment based on a defect in the charging instrument, including failure to state an offense. The purpose of requiring the government to appropriately plead an offense is to fairly inform a defendant of the nature and cause of the accusation against him. U.S. Const. amend VI. "A district court may dismiss an indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should [be] developed at trial.'" *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *United States v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010)). While the government need not detail its "theory of the case and supporting evidentiary facts," judicial review of indictments "is not entirely toothless." *United States v. McTague*, No. 5:14-CR-55, 2017 WL 1378425, at *1-2 (W.D. Va. Apr. 10, 2017) (citations omitted). Whereas an indictment is generally sufficient if it "describes the offense by using the unambiguous language of the statute, that general description 'must be accompanied with such statement of the facts and circumstances as will inform the accused of the specific offense, coming under general description, with which he is charged.'" *Id.* at *2 (quoting *United States v. Quinn*, 359 F.3d 66, 672-73 (4th Cir. 2004)). To prevail, a defendant in a criminal proceeding must "demonstrate that the allegations therein, even if true, [do] not state an offense." *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004) (citing *United States v. Hooker*, 841 F.2d 1225, 1227-28 (4th Cir. 1988)) (alteration not in original). Where a defendant meets his burden, the counts or allegations at issue must be dismissed. *See, e.g. United States v. Doty*, 2:18-CR-00034, 2018 WL 3420812, at *2-3 (S.D. W.Va. July 13, 2018) (dismissing theft counts in indictment where allegations failed to state a criminal offense); *United States v. Jackson*, No. 3:16-CR-31, 2017 WL 1129941

(N.D. W.Va. Mar. 24, 2017) (dismissing counts in indictment where conduct charged did not constitute mail fraud).

    **B.    Count 29, Even Including The Allegations in Paragraph 35, Omits Essential Elements of a Violation of the AKS.**

Count 29, in tandem with the allegations contained in Paragraph 35, attempts – but fails – to state a violation of the AKS, because it omits material elements of that claim. The section of the AKS with which Mr. Blair has been charged states:

> **(b) ILLEGAL REMUNERATIONS**
>
>> (2) Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce such person—
>>
>>> (A)    to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program, or
>>
>> (3) Paragraphs (1) and (2) shall not apply to—…
>>
>>> (G)    the waiver or reduction by pharmacies …if the conditions described in clauses (i) through (iii) of section 1128A(i)(6)(A) are met with respect to the waiver or reduction…

42 U.S.C. § 1320a-7b(b).

In turn, Section 1128A(i)(6)(A) of the Social Security Act [42 U.S.C. § 1320a-7a] provides:

> (6) The term "remuneration" includes the waiver of coinsurance and deductible[2] amounts (or any part thereof), and transfers of items or services for free or for other than fair market value. The term "remuneration" does not include—

---

[2] On January 6, 2017, new regulations issued by the Department of Health and Human Services – Office of Inspector General ("HHS-OIG") became effective. Those regulations modified the definition of "remuneration" used in 42 CFR § 1003 relating to the civil monetary provisions of the False Claims Act. The OIG commentary states:"[B]ecause the original language in the introductory paragraph of the definition of 'remuneration' referred only to 'coinsurance and deductible amounts', we have added the word 'copayment' for consistency with the other text that we proposed and are finalizing." *See* "Final Rule Adding New Safe Harbors That Protect Certain Payment Practices and Business Arrangements from Sanctions Under The Anti-Kickback Statute," HHS-OIG, 81 F.R. 88368, 2016 WL 7326606 (Dec. 7, 2016).

> (A) the waiver of coinsurance and deductible amounts by a person, if—
>
>> (i) the waiver is not offered as part of any *advertisement or solicitation*;
>>
>> (ii) the person does not *routinely* waive coinsurance or deductible amounts; and
>>
>> (iii) the person—
>>
>>> (I) waives the coinsurance and deductible amounts after *determining in good faith that the individual is in financial need*; or
>>>
>>> (II) fails to collect coinsurance or deductible amounts after making *reasonable collection efforts*…"

42 U.S.C. § 1320a-7a(i)(6) (emphasis added).

Count 29 must be dismissed because it does not allege any of the material elements of an AKS violation. Rather, it simply asserts that Mr. Blair paid remuneration in the form of failing to collect and bill for copayments for TRICARE beneficiaries, which somehow caused those individuals to have their prescriptions filled at the Pharmacy. *See* Indictment at 17. It does not allege, for example, that Mr. Blair or Blair Pharmacy ("the Pharmacy") "advertise[d]" or "solicit[ed]" TRICARE beneficiaries to accept copayment waivers, nor does it allege that Mr. Blair "routinely" waived copayments for TRICARE beneficiaries, or that Mr. Blair "fail[ed]" to "mak[e] reasonable collection efforts" with respect to copayments owed by TRICARE beneficiaries. 42 U.S.C. § 1320a-7b(b)(2); 42 U.S.C. § 1320a-7a(i)(6)(A).[3] Count 29 fails to state a violation of the AKS and should be dismissed.

---

[3] Indeed, documents produced by the Government in its initial discovery production reveal that the Government is fully aware of numerous copayments collected by the Pharmacy from TRICARE beneficiaries and numerous attempts made by the Pharmacy to collect copayments from TRICARE beneficiaries.

### C. Count 29's Rote Recitation of Certain Statutory Language Fails To Provide Mr. Blair Notice Consistent with Constitutional Guarantees.

Finally, Count 29 should be dismissed because it fails to afford Mr. Blair adequate notice of the charges against him consistent with due process. Indeed, instead of putting forth required elements of an AKS violation (as the Government must), the Indictment simply recites certain statutory language – but not all of it, *see supra* – claiming that Mr. Blair's failure to bill for and collect copayment or coinsurance monies somehow induced TRICARE beneficiaries to fill their prescriptions at the Pharmacy. *See* Indictment at 17. The Indictment fails to allege a single prescription that was "induced" or a single co-payment that was not collected. Such bare recitation of the statutory language, that fails to "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense," is, as this Court has noted, insufficient. *United States v. Wharton*, ELH-13-0043, 2014 WL 1430387, at *8 (D. Md. Apr. 10, 2014); *see also id.* at *8 ("simply parroting the language of the statute in the indictment is insufficient.") (quoting *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (internal quotation marks omitted)). Mr. Blair is entitled to notice of the charges against him, *see* U.S. Const. amend VI; *Wharton*, 2014 WL 1430387, at *7 ("An indictment implicates a defendant's constitutional due process right to reasonable notice of the charges. … It is defective if it fails to apprise the defendant, with reasonable certainty, of the accusation.") (internal citations omitted); and the Government's omission of critical elements fails to satisfy that guarantee, *see id.* ("if the indictment does not contain every essential element of the offense, it is invalid[.]"). Consequently, Count 29 must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, defendant Matthew E. Blair respectfully asks that this Court dismiss Count 29 of the Superseding Indictment for failure to state an offense.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**

BY: _____/s/_____
Ty Kelly Cronin (Bar No. 27166)
100 Light St., 19th Floor
Baltimore, Maryland 21202
Telephone: (410) 862-1049
Facsimile: (410) 547-0699
E-mail: tykelly@bakerdonelson.com

Matthew S. Chester (pro hac vice pending)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
E-mail: mchester@bakerdonelson.com

Joseph Murtha (Bar No. 23725)
**Murtha, Psoras, Lanasa LLC**
Heaver Plaza, Suite 200
1301 York Rd.
Lutherville, Maryland 21093
Telephone: (410) 583-6969
Facsimile: (410) 583-4706
Email: jmurtha@mpllawyers.com

**ATTORNEYS FOR DEFENDANT
MATTHEW E. BLAIR**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/
_____
TY KELLY CRONIN

7