## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **V.** | * | |
| | * | **CRIM. NO. 19-00410-ELH** |
| **MATTHEW E. BLAIR,** | * | |
| | * | |
| **DEFENDANT** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION FOR LEAVE TO FILE EXHIBITS
### UNDER SEAL AND INCORPORATED MEMORANDUM OF LAW

Matthew E. Blair ("Mr. Blair"), by and through undersigned counsel and pursuant to the Local Rules of this Court, respectfully moves to seal the two confidential Exhibits submitted in support of Defendant's Motion to Strike Certain Allegations in Paragraph 35 and Certain Alleged Loss Amounts in Superseding Indictment ("Motion to Strike").  In support of this request, Mr. Blair states the following:

1.      As the Government has alleged in this case, Mr. Blair owned and operated Blair Pharmacy, Inc. (the "Pharmacy"), which entered into agreements with pharmacy benefit managers ("PBMs") to provide its pharmacy services and products to individuals covered by private insurers (*i.e.*, Blue Cross/Blue Shield), as well as beneficiaries of federal health care programs (*i.e.,* TRICARE).  The Government's allegations concern and relate to the Pharmacy's contractual obligations to certain PBMs – in particular, CVS/Caremark ("Caremark") and Express Scripts, Inc. ("Express Scripts"), which are both non-parties to this case.

2.      The Pharmacy entered into an agreement with Caremark on or about August 1, 2014.  The Caremark Provider Agreement, and the Caremark Provider Manual referenced by and incorporated therein (the "Caremark Agreement"), contain confidential and proprietary

information of Caremark.  By entering into the Caremark Agreement, the Pharmacy agreed not to disclose its terms or conditions publicly.  The Caremark Agreement is confidential and proprietary with respect to Caremark's business operations as well as to the obligations it imposes on the Pharmacy.

3.      Similarly, the Pharmacy entered into a provider agreement with Express Scripts on or about August 6, 2014, which included an Exhibit A that would be applicable to compounded pharmacies serving TRICARE, like the Pharmacy (the "Express Scripts Agreement").  In executing the Express Scripts Agreement, the Pharmacy agreed to maintain the confidentiality of its terms and conditions, which may reveal the operations of Express Scripts' business, as well as the confidential contractual obligations of the Pharmacy.

4.      Mr. Blair intends to rely on the Caremark Agreement and Express Scripts Agreement in his Motion to Strike, and relevant excerpts of each have been submitted as Exhibits "A" and "B" to his Motion to Strike, which is being filed contemporaneously herewith. Mr. Blair is providing minimal excerpts of each agreement in order to limit the amount of material for which he is seeking to place under sealing.  Nevertheless, due to the confidential nature of each agreement, the information reflected in the Exhibits is confidential and proprietary as to both the Pharmacy and the non-parties.  By this Motion, Mr. Blair seeks leave to file the two Exhibits under seal.

5.      In ruling on a motion to seal, the Fourth Circuit dictates that before a district court may seal any court documents, it must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218

F. 3d 288, 302 (4th Cir. 2000); *accord United States v. Parker*, No. 3:13-133-CMC, 2013 WL 5530269, at *1 (D.S.C. Oct. 7, 2013).  Mr. Blair respectfully asserts that each consideration weighs in favor of granting this Motion.

6.      The first consideration identified above is satisfied by the filing of this Motion, which provides public notice that the sealing of documents may be ordered.  *See Parker*, 2013 WL 5530269, at *1.

7.      As to the second consideration—whether alternatives to sealing exist—Mr. Blair submits that he lacks any other, non-confidential document to support the points for which the Exhibits are cited in the Motion to Strike.  In addition, he cannot simply redact the Exhibits.  The Indictment (on which the Motion to Strike is based) includes allegations as to the Pharmacy's contractual obligations relating to copayments to the non-party PBMs and the Pharmacy's alleged failure to abide by those obligations.  Although each of these agreements is, altogether, quite voluminous, Mr. Blair has put forth only a bare minimum necessary to demonstrate and support his arguments in the Motion to Strike.  For these reasons, Mr. Blair submits that there are no reasonable alternatives to filing the Exhibit under seal.  *See, e.g.*, *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F. Supp. 2d 640, 656 (D. Md. 2010) (ruling that documents needing to be "reviewed as a whole to provide proper context" is grounds for granting motion to seal); *Harrell v. Duke Univ. Health Sys., Inc.*, No. CIV.A. 7:07-813-HMH, 2007 WL 4460429, at *1 (D.S.C. Dec. 18, 2007) (finding "after a review of the [confidential agreement to be sealed], … that it is not possible to redact the records because it would render them meaningless").

8.      As for the final consideration, the nature of the Exhibits warrants their filing under seal. The Exhibits contain confidential and proprietary information regarding the

operations of Caremark's and Express Scripts' respective businesses, as well as the confidential contractual obligations of the Pharmacy thereunder. Courts routinely hold that the confidentiality of such corporate confidential and proprietary information should be maintained in legal proceedings. *See, e.g.*, *Mould v. NJG Food Serv. Inc.*, No. CIV. JKB-13-1305, 2014 WL 2803960, at *2 (D. Md. June 18, 2014) (citing *Doe v. Public Citizen*, 749 F.3d 246, 269 (4th Cir. 2014) (explaining that a corporation's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records")); *Jaguar Land Rover*, 738 F. Supp. 2d at 656; *Harrell*, 2007 WL 4460429, at *1.

WHEREFORE, for the reasons set forth above, defendant Matthew E. Blair respectfully asks that this Court enter an Order granting Mr. Blair leave to file the two Exhibits under seal and directing the Clerk to seal the two Exhibits from public access.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

/s/

BY: _____

Ty Kelly Cronin (Bar No. 27166)
100 Light St., 19th Floor
Baltimore, Maryland  21202
Telephone:  (410) 862-1049
Facsimile: (410) 547-0699
E-mail:  tykelly@bakerdonelson.com

Matthew S. Chester (pro hac vice pending)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana  70170
Telephone:  (504) 566-5200
Facsimile: (504) 636-4000
E-mail:  mchester@bakerdonelson.com

Joseph Murtha (Bar No. 23725)
**MURTHA, PSORAS, LANASA LLC**
Heaver Plaza, Suite 200
1301 York Rd.
Lutherville, Maryland 21093
Telephone: (410) 583-6969
Facsimile: (410) 583-4706
Email: jmurtha@mpllawyers.com

**ATTORNEYS FOR DEFENDANT**
**MATTHEW E. BLAIR**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/
_____

TY KELLY CRONIN