**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  ELH-19-410** |
| | * | |
| **MATTHEW BLAIR** | * | |
| **Defendant.** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*

## GOVERNMENT'S MOTIONS *IN LIMINE*

For the reasons set forth below, the United States respectfully moves this Honorable Court

for orders *in limine* relating to the following evidence at trial:

1. Motion to Exclude References to Punishment;

2. Motion to Exclude Self-Serving Exculpatory Hearsay Statements by the Defendant;

3. Motion to Exclude Evidence of Law Enforcement Agent Reports for the Purpose of Impeaching the Government's Witnesses at Trial;

4. Motion to Exclude Advice-of-Counsel Defense Unless the Requirements for this Defense Are Met;

5. Motion to Exclude References to Improper Prosecutorial Motives;

6. Motion to Exclude Evidence or Argument Intending To Shift Blame to TRICARE or Other Victims of the Defendant's Fraud;

7. Motion to Exclude Undisclosed Defense Exhibits;

8. Motion to Exclude References to Plea Negotiations;

9. Motion to Exclude References to Stipulations;

10. Motion to Admit Evidence of Defendant's Prior Conviction for Impeachment.

## I. Background

Defendant is charged in the Superseding Indictment with devising and participating in a scheme and artifice to defraud health care programs and insurance companies, and laundering the funds that he derived from his scheme to defraud. He is charged with twenty-one counts of wire fraud, seven counts of aggravated identity theft, five counts of paying illegal remunerations in violation of the Anti-Kickback statute, and three counts of money laundering. ECF No. 40. Pursuant to the Court's orders, motions *in limine* are due by October 8, 2021, and a jury trial is scheduled to begin on January 18, 2022.

The Government included a factual summary of the case in the government's consolidated response to Defendant's pre-trial motions. ECF No. 49. The Government respectfully requests that said factual summary be incorporated by reference, for purposes of these motions *in limine*.

## II. Motions *in Limine*

To ensure that the trial in this matter is appropriately focused on the merits of the case, and to avoid foreseeable evidentiary issues that may be resolved prior to trial, the United States submits the following information and respectfully requests that the Court enter an order precluding Defendant, his counsel, and any defense witness from using testimony, remarks, tangible evidence, exhibits, and questions which relate to the matters described below, either directly or indirectly. In the event that the Court determines that some of the issues outlined below are best resolved during the trial, the Government respectfully requests that the Court order Defendant to seek permission from the Court prior to introducing any testimony or evidence or making any argument before the jury, regarding the topics described below.

### 1. Statements Related to Sentencing or Other Potential Consequence to Defendant or any Third Party

The Government moves to preclude Defendant from making any reference to any matter involving sentencing, punishment, or other potential consequence before the jury. Any argument, inference or evidence related to possible punishment is irrelevant to the issue of Defendant's guilt or innocence, and will certainly raise issues pursuant to Fed. R. Evid. 401 and 403.

It is well-established that the jury has no role in sentencing and should reach its verdict without regard to what sentence might be imposed. *Rogers v. United States*, 422 U.S. 35, 40 (1975). "The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. *Shannon v. United States*, 512 U.S. 573, 579 (1994). Providing jurors with information regarding a potential sentence "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion" *Id*. "Information regarding the consequence of a verdict is therefore irrelevant to the jury's task." *Id*.

The Modern Federal Jury Instructions provide instruction to the jury related to issues involving potential punishment as follows:

> The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Sand & Siffert, *Modern Federal Jury Instructions-Criminal* 9.01.

Further, the Modern Federal Jury Instructions also provide instruction to the jury related to issues involving sympathy, hardship or consequence to Defendant (or any other third party) as follows:

> Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

Modern Federal Jury Instructions-Criminal 2.1.

Providing jurors with information related to any potential sentence, hardship or consequence that may be involved in this case will invite the jurors to consider matters not within their province and will certainly create the strong possibility of confusion. The Government respectfully requests that the Court issue an order precluding Defendant from making any reference to possible punishment or any potential sentence, and further, to preclude Defendant from making any other impermissible reference to other possible consequences or hardships to Defendant or any other third party.

## 2. Self-Serving Exculpatory Hearsay Statements by the Defendant

Defendant should not be permitted to elicit testimony or introduce documents containing Defendant's own hearsay statements. The Government believes that Defendant may attempt to introduce Defendant's own out-of-court statements in the testimony of third parties at trial, and that Defendant may attempt to introduce his own email statements, in an attempt to introduce out-of-court exculpatory statements purportedly made by Defendant. Out-of-court prior statements of the Defendant, whether they are verbal or written, are hearsay statements. These hearsay statements are not subject to any exception or exclusion of the rule against hearsay. Accordingly, these out-of-court statements offered by Defendant, are inadmissible.

Federal Rule of Evidence 802 prohibits hearsay evidence, and Rule 801 provides definitions related to the rule against hearsay. Fed. R. Evid. 801-802. Rule 801 defines a "statement" as a person's oral and written assertions. Fed. R. Evid. 801(a). Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The rule excludes certain statements as non-hearsay, if certain conditions are met. For instance, a statement made by an opposing party and offered against an opposing party is not hearsay, and any such statement is admissible as an admission by a party opponent. Fed. R. Evid. 801(d). Indeed, throughout the Government's case-in-chief, the Government will properly introduce numerous statements made by Defendant pursuant to this rule. In some instances, a declarant-witness's prior statements are also admissible as non-hearsay, if certain conditions are met. For instance, if the declarant testifies and is subject to cross-examination, a prior statement is admissible if the prior statement is inconsistent with the declarant's testimony (if the statement was given under penalty of perjury at a trial, hearing, or other proceeding). Fed. R. Evid. 801(d)(1)(A). Also, if a declarant testifies, a prior statement can be used to rebut an express or implied charge that the declarant recently fabricated the statement or to rehabilitate the declarant's credibility when attacked on another ground. Fed. R. Evid. 801(d)(1)(B). Unless a prior statement is subject to these specific conditions, an out-of-court statement is otherwise considered to be hearsay.

"The hearsay rule, F.R.E. 802, is premised on the theory that out-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of

context by the listener." *Williamson v. United States*, 512 U.S. 594, 599 (1994). The ways in which these dangers are minimized for in-court statements, such as the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and the right of the opponent to cross-examine, are generally absent for things said out of court. *Id*. While the Federal Rules of Evidence recognize that some types of out-of-court statements are "less subject to these hearsay dangers, and therefore exempt them from the general rule that hearsay is inadmissible … [s]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false," and are thus not excepted from Rule 802's prohibition against hearsay. *Id*. at 599-600.

Courts have made it clear that out-of-court exculpatory statements made by a defendant are inadmissible even if the exculpatory statement is made in tandem with a statement that is admissible under one of the hearsay exceptions. *United States v. Crinel*, No. CR 15-61, 2016 WL 6441249, at *2 (E.D. La. Nov. 1, 2016). As the Supreme Court explained, "proximity to other, self inculpatory, statements does not increase the plausibility of the self exculpatory statements." *Williamson*, 512 U.S. at 600. Examples of defendants attempting to slip in favorable evidence through a "back door" abound. For example, defendants have sought to cross-examine the government's witnesses about self-serving, exculpatory portions of otherwise inculpatory statements. *See United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). Defendants have also attempted to invoke the "Rule of Completeness" codified in Fed. R. of Evid. 106 into order to invite sympathy and "admit hearsay testimony through the 'back door' without subjecting themselves to cross-examination." *Id*. at 683.

Courts have routinely held that the hearsay rule prohibits a defendant from attempting to place his own exculpatory statements before the jury by eliciting testimony about his prior statements from other witnesses. *United States v. Oloyede*, 933 F.3d 302, 313 (4th Cir. 2019) (district court allowed the government to introduce portions of a defendant's statement but excluded portions of the statement which exculpated others, and that Federal Rule of Evidence 106, the rule of completeness, could not be used to overrule explicit hearsay rules); *Ortega*, 203 F.3d at 682 (holding exculpatory statements were inadmissible hearsay, and that rule of completeness did not require admission of oral hearsay statements to law enforcement because Rule 106 does not apply to oral statements or require admission of hearsay portions of written statements); *United States v. Ford*, 761 F.3d 641, 652 (6th Cir. 2014) (holding that the district court correctly rejected "a party's attempt to introduce his or her own statements through the testimony of other witnesses" as inadmissible hearsay); *United States v. Wilkerson*, 84 F.3d 692, 697 (4th Cir. 1996) (finding that "[t]he [Federal Rules of Evidence] do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008); *United States v. Sexton*, No. 1:19-00160, 2019 U.S. Dist. LEXIS 216122, at *18 (S.D. W. Va. Dec. 17, 2019).

The Government files this motion to alert the Court to this possible issue, and to the controlling cases that uniformly hold that Defendant's own non-inculpatory statements are inadmissible hearsay that he may not introduce at trial through the either the back door of cross-examination or invocation of Fed. R. of Evid. 106. Where admissions are concerned, what is good for the goose is not good for the gander. *See United States v. Mitchell*, 502 F.3d 931, 964 (9th Cir. 2007). The United States may introduce Defendant's inculpatory statements, but Defendant may

7

not introduce his own non-inculpatory ones, which are "inadmissible hearsay." *Id*. Accordingly, the Government respectfully requests that the Court prohibit Defendant from attempting to elicit testimony or admit into evidence, his own self-serving hearsay statements, including any attempt to admit the inadmissible hearsay through other witnesses or through an attempt to admit his out-of-court hearsay statements within email correspondence.

### 3.  Interview Reports Prepared By Law Enforcement Agents

The Government respectfully moves to exclude the use of interview reports prepared by law enforcement witnesses in order to impeach Government witnesses. Throughout the course of investigating this case, law enforcement agents created interview reports which summarized interviews conducted with prospective witnesses. Because such interview reports do not constitute a witness's statement, Defendant should be precluded from introducing the content of the agent's report as a prior inconsistent statement, in an attempt to impeach the witness. Relatedly, the Government requests that Defendant be precluded from publishing the content of the interview report to the jury, or otherwise suggesting to the jury that the interview report is a statement of the witness.

Any party (including the party that called the witness) may attack the witness's credibility. One method commonly used to attack the credibility of a witness, is to impeach the witness with a prior inconsistent statement made by that witness. *United States v. Santistevan*, 2012 WL 2862870, at *2 (D. Colo. July 11, 2012). If proof of the prior inconsistent statement goes beyond merely questioning the witness and involves the use of extrinsic evidence, then "FRE 613 is the controlling rule." *Id*. "Extrinsic evidence of a witness's prior inconsistent statement is admissible only if the witness is given an opportunity to explain or deny the statement and an adverse party

is given an opportunity to examine the witness about it, or if justice so requires."  Fed. R. Evid. 613(b).

Courts have uniformly held that an interview report is not a prior statement of a witness unless the report contains a verbatim recital of the witness's statement or is signed or otherwise adopted by the witness.  *See Palermo v. United States*, 360 U.S. 343, 349-52 (1959); *Goldberg v. United States*, 425 U.S. 94, 110 n.19 (1976); *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996) (holding interview reports were not statements of the witness subject to the Jencks Act "if the agent 'does not read back, or the witness does not read, what the [agent] has written.'") (citing *Goldberg*, 425 U.S. at 110-11 n.19.)  It is well settled that an interview report may not be used to impeach a witness "unless the witness has subscribed to or otherwise adopted the statement as his own."  *United States v. Saget*, 991 F.2d 702, 710-11 (11th Cir. 1993); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) (because "the written statement of the FBI agent was not attributable to [the witness]" it was "properly rejected as a prior inconsistent statement"); *Carnell Const. Corp. v. Danville Redevelopment & Housing Auth.*, 745 F.3d 703, 718-19 (4th Cir. 2014) ("[F]or a statement to qualify as a witness' prior inconsistent statement under Rule 613(b), the statement must be one that the witness has made or adopted, or to which the witness otherwise has subscribed.") (citing *Saget*, 911 F.3d at 710 and *United States v. Barile*, 286 F.3d 749, 757–58 (4th Cir. 2002)); *United States v. Hill*, 526 F.2d 1019, 1026 (10th Cir. 1975) (upholding the trial court's decision to prohibit counsel from using the agent's statement to impeach a witness because the witness did not prepare or sign the document.)

In the present case, interview reports prepared by law enforcement officers would not constitute prior witness statements, unless the reports contain verbatim recordings of a witness's

statement or unless the report is signed or adopted by the witnesses. As the Supreme Court emphasized in *Palermo*, it would be unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own statement, rather than the product of the investigator's selections and interpretations. *Palermo*, 360 U.S. at 350.

It is certainly permissible for Defendant to ask any witness whether he or she made a statement which is described in a law enforcement agent's interview report. However, the Government respectfully requests that the Court enter an order precluding the Defendant from publishing or introducing the contents of descriptions contained within an agent's interview report as a prior inconsistent statement of the witness during the questioning of that witness, unless the witness has signed the report, adopted the report, or unless the report contains a verbatim report of the witness's prior statement.

### 4. Motion to Exclude Advice-of-Counsel Defense Unless Defendant Makes a Showing that he has Satisfied the Required Criteria

It is unclear whether Defendant will seek to admit evidence or argument, related to any purported reliance on the advice of any attorney. The Government thus respectfully requests that the Court preclude any such evidence or argument before the jury, unless Defendant makes a required showing that he has satisfied the appropriate criteria to assert such a defense.

Courts have recognized that an advice of counsel defense may, in certain circumstances, be available to negate the intent element required to convict a defendant of a specific intent crime. *United States v. Stevens*, 771 F. Supp. 2d 556, 565 (D. Md. 2011). However, the Fourth Circuit has made clear that "consultation with a lawyer confers no automatic immunity from the legal consequences of conscious fraud." *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 381 (4th Cir. 2015) (citation omitted).

In order for an advice of counsel defense to apply, "the defendant must establish '(a) full disclosure of all pertinent facts to an [attorney], and (b) good faith reliance on the [attorney's] advice.'" *United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012) (quoting *United States v. Butler*, 211 F.3d 826, 833 (4th Cir. 2000)). In this way, "the court may require the defendant to produce evidence supporting the advice-of-counsel defense" before it can be raised. *United States v. Westbrooks*, 780 F.3d 593, 596 (4th Cir. 2015).

Pursuant to these general standards, the Fourth Circuit has affirmed district court decisions refusing to provide advice of counsel jury instructions. *Powell*, 680 F.3d at 357 (holding that no showing had been made that defendant disclosed all facts, or that he relied in good faith on any legal advice, and hence he was not entitled to the defense instruction); *Butler*, 211 F.3d at 833 (affirming refusal to give advice of counsel defense instruction); *see also United States v. Secor*, 73 Fed. Appx. 554, 563 n.2 (4th Cir. 2003) (holding that advice of counsel defense was not permitted because defendant could not show good faith reliance on advice).

Here, Defendant has not produced discovery to show that, prior to engaging in the charged conduct, he provided a full and accurate report of material facts to legal counsel and that he then received and followed legal advice regarding the conduct at issue in this case. It may be that Defendant does not intend to introduce any advice of counsel defense evidence in this case. However, if Defendant intends to claim that he received any legal advice related to his conduct, he must disclose any such communication, written or verbal, that he had with counsel. Defendant should not be permitted to introduce evidence of an advice of counsel defense and attempt to hide behind the attorney-client privilege at the same time. *See Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir. 1989) ("The attorney-client privilege was intended as a shield, not a sword. When

confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege.") (internal quotations omitted); *In re Taxable Municipal Bond Securities Litig.*, Case No. MDL 863, 1993 WL 323069 at *3-4 (E.D. La. Aug. 18, 1993); *see also United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *United States v. Aronoff*, 466 F. Supp. 855, 862 (S.D.N.Y. 1979).

It is in the interest of justice to address this issue pre-trial, in order to avoid delay during the course of the trial. The Government thus respectfully requests that the Court order the Defendant to disclose his intent to invoke an advice of counsel defense no later than four weeks before the start of the trial scheduled to begin on January 18, 2022, so that the Government has an opportunity to receive and review any and all discovery related to this defense (as discussed below, no discovery has been produced by the defense to date), and also to allow sufficient time to conduct a hearing related to the evidence before the initiation of trial, if necessary.

### 5. Arguments Regarding Improper Prosecutorial Motives

The Government respectfully requests, as a precautionary matter, that this Court preclude any Defense argument before the jury, making reference to any alleged improper prosecutorial motive. Defendant has claimed, through his counsel on numerous occasions throughout the pre-trial briefing and motions process in this case, that the charges in this case are unprecedented and have been improperly brought against Defendant. For instance, Defendant has made the claim that because other AKS cases involve illegal payments to doctors, that this case has been improperly brought because it does not involve an improper payment to a doctor. Defendant has also made other claims in which the veiled inference from Defendant's assertions is that the Government has selectively and improperly prosecuted Defendant.

Any arguments regarding improper prosecutorial motives or selective prosecution must be raised with the Court before trial, and should not be presented to the jury. Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure states that any such argument must be made to the Court in a motion before trial, as follows: "[t]he following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without trial on the merits: (A) a defect in instituting the prosecution, including … (iv) selective or vindictive prosecution. Fed. R. Crim. P. 12(b)(3)(A)(iv).

A claim for selective prosecution covers instances where a defendant seeks to show that he has been prosecuted due to a bad or impermissible motive by the prosecution. The Government ordinarily has wide latitude in deciding whether to prosecute as case. *United States v. Venable*, 666 F.3d 893, 900 (4th Cir. 2012). A selective prosecution claim is an "assertion that the prosecutor had brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996). Equal protection forbids basing the decision to prosecute "on an unjustifiable standard such as race, religion or other arbitrary classification." *Venable*, at 900. "To establish a selective-prosecution claim, a defendant must demonstrate that the prosecution 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996) (quoting *Wayte v. United States*, 470 U.S. 598, 608 (1985)). Claims regarding selective prosecution must be raised with the Court before trial and should not be presented to the jury. *United States v. Miller*, 799 F.2d 985, 988 (5th Cir. 1986); *United States v. Graves*, 556 F.2d 1319, 1322-23 (5th Cir. 1977), *cert. denied*, 435 U.S. 923 (1978), *United States v. Regan*, 103 F.3d 1072, 1082 (2d Cir. 1997) (holding that a selective prosecution defense is an issue for the court rather than the jury "because

it involves a 'defect in the institution of the prosecution'"); *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983). "[T]he issue of selective prosecution is one to be determined by the court, . . . as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crimes for which she was charged. . . ." *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (citations omitted); *accord United States v. Berrigan*, 482 F.2d 171, 174-175 (3rd Cir. 1973); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982). "Because the issue of selective prosecution relates not to the guilt or innocence of the accused, but rather addresses itself to a constitutional defect in the institution of prosecution, the claim should be treated as an application to the court for a dismissal or quashing of the prosecution and thus should be decided by the court." *United States v. Cyprian*, 756 F. Supp. 388, 392 (N.D. Ind. 1991).

Defendant cannot point to, nor is there any evidence to suggest, any improper reason or motive for bringing the present charges. Any mention of any alleged impermissible motive would be not only speculative and frivolous, but also wholly irrelevant to whether or not Defendant is guilty of engaging in the conduct alleged in the Superseding Indictment. Defendant should not be permitted to suggest or infer that this prosecution was improperly motivated or otherwise attack the Government's motives during trial, because it is not within the jury's province to decide such legal questions. *See Cleveland*, 1997 WL 253124 at *2; *United States v. Bryant*, 5 F.3d 474, 475-76 (10th Cir. 1993) (upholding district court's prohibition of cross-examination as to how defendant came to be charged in federal court); *Schmidt*, 935 F.2d at 1449-50 (upholding refusal to give a requested instruction on selective prosecution); *United States v. Lopez*, 854 F.Supp. 57, 60 (D.P.R. 1994) (finding evidence of selective prosecution "has no bearing whatsoever on

whether the defendant committed the crimes alleged, and will not be allowed at trial"); *Napper*, 553 F. Supp. at 232 (stating that defendant could not argue at trial that her prosecution was selectively brought).

Defendant should not be permitted to make any such reference or inference before the jury regarding the Government's motives to charge Defendant in this case. Indeed, any mention of motive or alleged discriminatory or selective purpose would serve no function other than to mislead and confuse the jury, as well as waste this Court's time. If such evidence is heard by the jury, the damage to the Government's case would be irreparable such that a motion to strike or cautionary instructions would be inadequate. The Government respectfully requests that the Court order that Defendant be precluded from making any such reference or argument before the jury.

### 6. Motion to Exclude Evidence or Argument Intending To Shift Blame to TRICARE or Other Victims of the Fraud.

Any evidence or argument that TRICARE or health care benefit programs such as Blue Cross Blue Shield (BCBS) or pharmacy benefit managers such as CVS/Caremark or Express Scripts (ESI) failed to take adequate precautions to insulate themselves from fraud, waste, or abuse is inadmissible. Defendant has signaled an intention to perhaps argue that the victims in this brought their losses on themselves by continuing to pay for the compounded medications at issue in this case, or by purportedly not complying with their own regulations concerning reimbursement. *See* ECF No. 107 (Government Motion to Exclude) at 23 (discussing opinions of proposed defense expert Ellen Bonner that "TRICARE reimbursed for compound drugs in 2015 knowing that some ingredients were not FDA-approved and were in violation of TRICARE's own regulations," and that "the Government's TRICARE experts' proposed 'opinions' . . . are belied by TRICARE's reimbursement process, Express Scripts' screening process of only the 'primary'

ingredient, and TRICARE's non-compliance with its own regulations in reimbursing for compounds that were not FDA-approved").

Whether TRICARE or any of the other victims did not adequately protect themselves from Defendant's fraud (or reimbursed for fraudulent claims when they should not have done so or in purported "non-compliance with [their] own regulations") is not relevant to whether the fraud occurred and is thus inadmissible. Indeed, as the Fourth Circuit put it, "[t]he susceptibility of the victim of the fraud . . . is irrelevant to the analysis: If a scheme to defraud has been or is intended to be devised, it makes no difference whether the persons the schemers intended to defraud are gullible or skeptical, dull or bright." *United States v. Colton*, 231 F.3d 890, 903 (4th Cir. 2000); *see also United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009) (en banc) ("A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence."); *United States v. Allen*, 201 F.3d 163, 167 (2d Cir. 2000) (per curiam) ("The victim's negligence in permitting a crime to take place does not excuse the defendant from culpability for [the] substantive offense . . . ."); *United States v. Coyle*, 63 F.3d 1239, 1244 (3d Cir. 1995) ("The negligence of the victim in failing to discover a fraudulent scheme is not a defense to criminal conduct."); *United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980) ("The victim's negligence is not a defense to criminal conduct."); *United States v. Powell*, 509 F. App'x 958, 967 (11th Cir. 2013) (affirming district court's decision disallowing "blame the bank" or "blame lax lending standards" in a mortgage fraud case). The Court should preclude any such evidence or argument.

### 7. Motion to Exclude Undisclosed Defense Exhibits

The Government respectfully requests that this Court act to preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking

any questions regarding defense exhibits that have not been supplied to the Government prior to trial. Federal Rule of Criminal Procedure 16 requires Defendant to provide reciprocal discovery to the government. To date, no reciprocal discovery has been received from Defendant, although the Government has requested, on several occasions, reciprocal discovery—including any records received pursuant to any Rule 17 subpoena served by Defendant. Rule 16(d)(2) specifically provides, in pertinent part:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may ... prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

### 8. Motion to Exclude References to Plea Negotiations

The Government respectfully requests that the Court preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding the occurrence and/or substance of any plea negotiations that may or may not have taken place. Such matters would be highly prejudicial and are not proper concerns for the jury. *See* Fed. R. Evid. 401, 402 and 403; *see also* Fed. R. Evid. 410.

### 9. Motion to Exclude References to Stipulations

The Government respectfully requests that the Court preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant volunteering, offering, or in any manner agreeing to stipulate to certain facts unless a written stipulation has been agreed upon by the parties and approved by the Court. *See* Fed. R. Evid. 401, 402 and 403; *see also Old Chief v. United States*, 519 U.S. 172, 186-187 (1997).

### 10. Motion to Admit Evidence of Defendant's Prior Conviction for Impeachment

17

The motions above request that the Court preclude inadmissible evidence and argument while the jury is present.  Here, the Government provides notice that, should Defendant testify at trial, the Government will seek to impeach him with evidence of the following conviction:

| DATE | COURT | CHARGE | SENTENCE |
|------|-------|--------|----------|
| 4/2/2009 | Circuit Court of Maryland for Worchester County | Driving Vehicle While Impaired by Alcohol | 60 days jail (30 days suspended), 24 months supervised probation |

"[E]vidence of a prior conviction punishable by over one year of imprisonment is admissible for impeachment purposes 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'"  *United States v. Johnson*, 587 F.3d 625, 637 (4th Cir. 2009) (citing Fed. R. Evid. 609(a)(1)).

On April 4, 2009, after a jury trial, Defendant was convicted of driving a vehicle while impaired by alcohol in violation of Md. Code Ann., Transp. II § 21-902(b)(1).  The Court sentenced Defendant to 60 days jail (30 days were suspended), followed by two years of supervised probation.  Defendant filed a Petition for Post-Conviction Relief, alleging ineffective assistance of his trial counsel.  His Petition for Post-Conviction Relief was denied on September 11, 2009.  Defendant then sought leave to appeal his conviction to the Maryland Court of Special Appeals, which was denied, and the Court of Special Appeals issued a mandate in the case on February 10, 2011.  Defendant committed the offense above within ten years of the offenses charged in this case.  See Fed. R. Evid. 609(b).

Driving a Vehicle While Impaired by Alcohol is a crime punishable by up to two months in jail, under the laws of the State of Maryland.  Md. Code Ann., Transp. II § 21-902(b)(1).  Although this offense is not punishable by over one year in jail, the Government provides notice

of its intent to introduce evidence of the prior conviction. During the trial, Defendant alleged that he was under the influence of Valium, as opposed to alcohol, even though the arresting officer provided evidence that the odor of alcohol was emanating from Defendant during a traffic stop for the Defendant's excessive speed of 25 miles over the speed limit. The probative value of the conviction outweighs any prejudicial effect.

Relatedly, in the event that the Court deems this prior conviction is inadmissible, the Government respectfully requests that the Court preclude Defendant and his counsel from, while the jury is present, introducing any evidence, making any statement, or asking any questions regarding Defendant's lack of prior criminal convictions or arrests. Such evidence is not relevant to the charges pending against the Defendant, and would be offered solely in an effort to dissuade the jury from convicting the Defendant because he allegedly has no propensity for crime. Moreover, any such evidence would divert the jury's focus away from the issues before it regarding the conduct charged, and raise the danger of a verdict based on events other than those at issue in the Superseding Indictment.

## III.  Conclusion

Wherefore, for the reasons detailed above, the government respectfully requests that the Court grant the Government's motions *in limine*.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____

Christine Duey
Paul Riley
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served electronically via ECF to counsel of record for the defendant.

/s/_____
Christine Duey
Paul Riley
Assistant United States Attorneys