

**U.S. Department of Justice**

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

*United States Attorney*
*District of Maryland* 2021 DEC -3 AM 11: 29
*Northern Division*
CLERK'S OFFICE
AT BALTIMORE

| | | |
|---|---|---|
| *Christine Duey* | *Mailing Address* | *Office Location*     *DIRECT* 410-209-4855 |
| *Assistant United States Attorney* | *36 S. Charles Street, 4th Floor* | *36 S. Charles Street, 4th Floor*    *MAIN* 410-209-4800 |
| *Christine.Duey2@usdoj.gov* | *Baltimore, MD 21201* | *Baltimore, MD 21201*        *FAX* 410-962-3091 |
| *JYM 11.09.21* | | |

November 16, 2021

Tonya Kelly, Esq.                              Joseph Murtha, Esq.
Matthew Chester, Esq.                      Murtha, Psoras & Lanasa, LLC
Alison Schurick, Esq.                        1301 York Road, Suite 200
100 Light Street, 19th Floor              Lutherville, MD 21093
Baltimore, MD 21202

     Re:     <u>United States v. Matthew Edward Blair</u>,
                  Criminal No. ELH-19-410

Dear Counsel:

     This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Matthew Edward Blair (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below.  If this offer has not been accepted by November 18, 2021, it will be deemed withdrawn. The terms of the Agreement are as follows:

Offense of Conviction

     1.     The Defendant agrees to plead guilty to **Count Thirty-One,** which charges the Defendant with Payment of Illegal Remunerations, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

Elements of the Offense

     2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:  That on or about the time alleged in the Superseding Indictment, in the District of Maryland and elsewhere:

          a.    the Defendant paid, or offered to pay, any remuneration;

b.  that one purpose of the payment was to induce the recipient of the payment to refer an individual for the furnishing of any item or for which payment may be made in whole or in part by a federal health care program, such as the TRICARE program; and

c.  the Defendant acted knowingly and willfully.

<u>Penalties</u>

3.      The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 31 | 42 U.S.C. § 1320a-7b(b)(2)(A) | n/a | 5 years | 3 years | $25,000 | $100 |

a.      Prison:  If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b.      Supervised Release:  If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c.      Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663(a)(3) and 3664.

d.  ·   Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d).  The Defendant may be required to pay interest if the fine is not paid when due.

e.      Forfeiture:  The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f.      Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt.  If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law.  Until the debt is paid, the Defendant

2

agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights and Defenses

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph

3

below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

i.    Should the Defendant move to withdraw or otherwise challenge the Defendant's guilty plea at any time, should the Defendant breach this Agreement, or should the Court reject the Defendant's guilty plea for whatever reason, the Defendant agrees to waive any defenses based upon the statute of limitations, any protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Agreement.

## Advisory Sentencing Guidelines Apply

5.    The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.    This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A and Attachment B, which are both incorporated by reference herein.

4

a. This Office and the Defendant agree that the applicable base offense level, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a)(2) is **6**.

b. This Office and the Defendant further agree that there is an **18** level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(J) because the foreseeable loss to health care benefit programs was more than $3,500,000.00 but less than $9,500,000.00. Specifically, the reimbursement amount that TRICARE paid Defendant based upon claims that Defendant submitted to TRICARE, which were tainted by remuneration payments that Defendant paid to independent sales contractors, amounts to $6,352,941.66, from November 2014 – May 2015. The specific proportion of that reimbursement amount TRICARE paid to Defendant, based upon claims Defendant submitted to TRICARE tainted by remuneration payments Defendant paid to Atlas Group, amounts to $4,932,246.49, as described in further in Attachment A and Attachment B, incorporated herein. **(Subtotal = 24)**

c. This Office and the Defendant further agree that there is a **2** level increase pursuant to U.S.S.G. § 2B1.1(b)(7)(A)&(B)(i) because the offense involved a Federal health care offense, as defined by 18 U.S.C. § 24, and because the foreseeable loss to TRICARE, a Federal Government health care benefit program, was more than $1,000,000.00 but less than $7,000,000.00. Specifically, as detailed above, the loss to TRICARE was $6,352,941.66. **(Subtotal = 26)**

d. This Office does not oppose a **2** level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional 1-level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

(i) Thus, the final adjusted offense level is **23**.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Rule 11(c)(1)(C) Plea

9.      This Office and the Defendant stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of  Twelve (12) months and one day of imprisonment in the custody of the Bureau of Prisons, and Defendant's payment of restitution, pursuant to 18 U.S.C. § 3663(a)(3), in the amount of $3,176,470.83, is the appropriate disposition of this case, taking into consideration the nature and circumstances of the offense, the Defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a).  Defendant further agrees to pay the full amount of restitution in advance of the sentencing hearing, which will be scheduled by the Court on a date certain in the future in this matter. The Defendant specifically agrees to deposit the full amount of this restitution, in an amount of $3,176,470.83, into an escrow account established with the Clerk's Office of the United States District Court for the District of Maryland, and that this full amount must be deposited in full, no later than seven (7) days prior to the date that the Court schedules as the Defendant's sentencing hearing date in this matter.

10.     This Agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine, or to set any lawful conditions of probation or supervised release, including the payment of any outstanding restitution amount as a condition of supervised release. In the event that the Court rejects this Agreement, except under the circumstances noted below, either party may elect to declare the Agreement null and void.  Should the Defendant so elect, the Defendant will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).  The parties agree that if the Court finds that the Defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the Government will be bound by the specific sentence contained in this Agreement, and the Defendant will not be able to withdraw his plea.

11.     At the time of sentencing, the United States and the Defendant will jointly request that the Court accept the stipulated sentence, as set forth above.  This Office and the Defendant reserve the right to bring to the Court's attention any and all information with respect to the Defendant's background, character, and conduct that the United States or the Defendant deem to be relevant to sentencing in this matter, including, but not limited to, the conduct that is the subject of the count of conviction and the statement of facts, including any and all appropriate factors under 18 U.S.C. § 3553(a).  At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever.  This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.      The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

(i)     The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

(ii)    This Office reserves the right to appeal any sentence below a statutory minimum.

c.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

~~Forfeiture~~ Defendant has agreed to pay restitution in full at time of plea.

13.     ~~The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.~~

14.     ~~Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:~~

a.      ~~A money judgment in the amount of $2,000,000.00.  This Office and the Defendant stipulate and agree that this money judgement amount is the amount of money that the TRICARE health care benefit program provided to Defendant, based upon the claims for reimbursement that Defendant submitted and caused to be submitted to TRICARE in violation of 42 U.S.C. §1320a-7b(b) related to Count 31, as detailed in the statement of facts described in Attachment A and Attachment B, incorporated herein.  Specifically, as a result of the offense, as described and charged in Count 31 of the Superseding Indictment, Blair obtained approximately~~

7

~~$2,000,000.00 in gross proceeds and reimbursement amounts from TRICARE, and Blair then paid remuneration to Atlas Group LLC in the amount of $1,000,000.00 on April 22, 2015, based upon those TRICARE proceeds.~~

15. ~~The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.~~

16. ~~The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.~~

17. ~~The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.~~

18. ~~This Office will recommend to the Attorney General that any net proceeds derived from the sale of the Forfeited Assets and any net proceeds derived from any asset forfeiture money judgement ordered in this case, be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.~~

## Restitution

19.     The Defendant agrees to the entry of a restitution order for the financial losses suffered by the victim, TRICARE, in this case, as described above in paragraph nine (9).  The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663, 3663(a)(3) and 3664, the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation, as agreed to by the Defendant, as part of this plea agreement. The Defendant stipulates and agrees that the financial loss he caused to TRICARE resulted from the claims for reimbursement that Defendant submitted and caused to be submitted to TRICARE in violation of 42 U.S.C. § 1320a-7b(b), as detailed in the attached statement of facts, and that the amount of financial loss to TRICARE in this case amounts to at least $3,176,470.83. Specifically, Defendant agrees to pay restitution, pursuant to 18 U.S.C. § 3663(a)(3), as follows:



a.      Defendant agrees and stipulates to a restitution order in the amount of $3,176,470.83, and Defendant agrees to pay restitution in the full amount of $3,176,470.83, for the financial loss that Defendant caused to TRICARE, pursuant to 18 U.S.C. § 3663(a)(3); and

b.      The Defendant further agrees to pay the full amount of restitution in advance of the sentencing hearing, which will be scheduled by the Court on a date certain in the future in this matter. The Defendant specifically agrees to deposit the full amount of this restitution, in an amount of $3,176,470.83, into an escrow account established with the Clerk's Office of the United States District Court for the District of Maryland, and that this full amount must be deposited in full, no later than seven (7) days prior to the date that the Court schedules as the Defendant's sentencing hearing date in this matter.

20.      The total amount of restitution ordered by the Court shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. The Defendant will make a good faith effort to pay any restitution. ~~Regardless of the Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from the Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution.~~ If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

## Exclusion from the TRICARE Program

21.      Defendant agrees to be excluded from the TRICARE health care benefit program as TRICARE Authorized Provider for a term of 25 years. This 25 year period of exclusion will start on the effective date of this signed plea agreement. Defendant waives any notice of the exclusion and agree that this Agreement and this Paragraph constitute notice. Defendant acknowledges that as an excluded TRICARE provider, he cannot be a TRICARE network or non-network provider and he cannot bill the TRICARE program during the period of his exclusion. In the event that a TRICARE beneficiary seeks his services during the period of their exclusion, Defendant must first advise the TRICARE beneficiary that the medical services will not be paid or cost-shared by TRICARE due to the exclusion. Further, Defendant must then require that the TRICARE beneficiary request a waiver from the United Stated Defense Health Agency ("DHA") director or designee, to waive the balance billing limitation, and acknowledge any response, including a response that TRICARE beneficiary/sponsor will be fully responsible for payment for any and all care provided by Defendant.

22.      Violation of this provision will result in the 25 year period of exclusion being extended by twelve months for each violation. At the end of the period of exclusion, Defendant

9

may seek reinstatement to the TRICARE program under 32 C.F.R. § 199.9(h)(4) by submitting a written request to the Director, Office of Program Integrity, DHA, or designee, with documentation sufficient to establish Defendant's qualifications under this part, to be an authorized TRICARE provider. Reinstatement only becomes effective upon approval of the application by DHA, and notice of reinstatement by the DHA. Obtaining another license, moving to another state, or obtaining a provider number from a TRICARE contractor, a state agency, or a federal health care program does not reinstate Defendant's eligibility to participate in these programs.

23.     This exclusion will have national effect. The TRICARE program shall not pay anyone for any item or service, including administrative and management services, furnished, ordered, prescribed, by Defendant in any capacity while he is excluded from the TRICARE Program. This exclusion and payment prohibition applies to Defendant and any other individual or entity (including, for example, anyone who employs or contracts with Defendant, and anyone employed by Defendant, and any other pharmacy, hospital, or other provider where Defendant may provide any service). The exclusion applies regardless of who submits the claim or other request for payment. Violation of the conditions may result in criminal prosecution, the imposition of civil monetary penalties and assessments, and an additional period of exclusion. Defendant further agrees to hold the TRICARE Program and all TRICARE beneficiaries and/or sponsors, harmless from any financial responsibility for items or services furnished, ordered, or prescribed to such TRICARE beneficiaries and/or sponsors after the effective date of the exclusion, except to the extent that the beneficiary and/or sponsor has accepted responsibility through the waiver process discussed above.

24.     Defendant agrees not to contest such exclusion, either administratively or in any state or federal court. The TRICARE program will also notify the U.S. Department of Health and Human Services (Medicare/Medicaid) and any and all state licensing boards of this exclusion.

<u>Defendant's Conduct Prior to Sentencing and Breach</u>

25.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

26.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal

Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Entire Agreement

27.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

/s/   Christine Duey

Christine Duey
Paul Riley
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11/17/2021
Date

Matthew Edward Blair
Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

11

11/17/21
_____
Date

Tony Kelly, Esq.
Attorney for the Defendant

12